UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>       v.<br><br>SCHOOL BOARD OF PALM BEACH<br>COUNTY, FLORIDA,<br><br>           Defendant. | Civil Action No. 9:16-cv-80824-WPD |

## CONSENT DECREE

### I.  INTRODUCTION

This action was brought by Plaintiff United States against Defendant School Board of Palm Beach County, Florida ("Board") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., as amended ("Title VII"), following receipt by the United States from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination filed by Anne Williams Dorsey against the Board.  This Court has jurisdiction over this action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1345.

1. The complaint filed by the United States alleges that the Board discriminated against Ms. Dorsey on the basis of her sex (pregnancy), when it reassigned Ms. Dorsey, an assistant school principal, to a position with less pay and benefits in 2011, in violation of Section 703(a) of Title VII.  Its complaint further alleges the reassignment was in unlawful retaliation against Ms. Dorsey for reporting a female

teacher's sexual harassment complaint against a male assistant principal with whom Ms. Dorsey then worked.

2. The Board denies it discriminated or retaliated against Ms. Dorsey in violation of Title VII. Nevertheless, the United States and the Board, desiring that this action be settled by an appropriate Consent Decree ("Decree"), and to avoid the burdens and risks of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties also agree that venue is proper in this district for the purposes of this Decree and proceedings related to this Decree only. This Decree, being entered into with the consent of the United States and the Board, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the Board or a finding of wrongdoing or violation of any applicable federal law or regulation. The Parties further agree that all statutory conditions precedent to the institution of the lawsuit have been fulfilled.

## II.  FINDINGS

3. Having examined the terms and provisions of this Decree, the Court finds the following:

    a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

    b. The terms and conditions of this Decree are fair, reasonable, and just. The rights of the Parties are protected adequately by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person.

      d.      The entry of this Decree will further the objectives of Title VII and other applicable law, and will be in the best interests of the Parties.

In resolution of this action, the Parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS the following:

### III.  EQUITABLE RELIEF

4.      The Board, by and through its officials, agents, and employees, shall not engage in any act or practice that discriminates against any employee or applicant on the basis of sex in violation of Title VII.

5.      The Board, by and through its officials, agents, and employees, shall not retaliate against, or in any way adversely affect, the terms and conditions of employment of any person because that person has opposed any practice made unlawful by Title VII, filed a charge with the EEOC, or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII, this case, or this Decree.

6.      Within sixty days (60) days of the entry of this Decree, the Board shall submit to the United States, for review and approval, copies of its anti-discrimination, anti-retaliation, and anti-harassment policies, including guidance on the appropriate treatment of pregnant employees and mechanisms for reporting employee complaints of harassment.  If the Board does not currently have a policy on any of these matters, the Board shall draft a policy on such matter and then submit it for review and approval within the same time period for current policies.   The United States may grant approval of a policy subject to revisions and edits that it requests.  The Parties shall work in good faith to resolve any disputes or disagreements about policy language that may arise in

accordance with the provisions of below paragraph 18.

7. Within thirty (30) days from the date that the United States has notified the Board of its approval of these policies, the Board shall disseminate them among all of its employees, supervisors, and officials in such manner that is most effective and practicable. In addition, the Board shall ensure each new employee hired receives a copy of the approved policies at the time of the new employee's hire. Each new employee hired by the Board shall acknowledge that he or she has read and understands such policies, and such acknowledgments shall be maintained in the employee's personnel file.

8. No later than 180 days from the date of entry of this Decree, the Board, at its own cost, shall provide mandatory training on its anti-discrimination, anti-retaliation, and anti-harassment policies to all supervisory employees and managers. The training shall, at a minimum, include an explanation of those policies and the mechanism for reporting complaints of harassment, and shall specifically discuss the appropriate treatment for employees who are pregnant and the responsibilities of supervisors to report and investigate harassment. At least thirty (30) days before the mandatory training under this Decree is conducted, the Board shall submit to the United States, for review and approval, the training materials to be used. The United States may grant approval of materials subject to revisions that it requests. The Parties shall work in good faith to resolve any disputes or disagreements about the training materials that may arise in accordance with the provisions of below paragraph 18.

9. All persons who undergo the mandatory training described above shall

sign an acknowledgment of attendance at the training.  The Board shall keep on file all signed acknowledgments for the term of this Decree and make them available for review by the United States upon request.

10. The Board shall retain during the term of this Decree all documents, in paper or electronic form (including electronic mail), that come into its possession that are related to complaints of discrimination (formal or informal) made by employees of the Board.  Within thirty (30) days of the date of entry of this Decree and every four months thereafter during the term of this Decree, the Board shall provide the United States with copies of all pending internal and external employee complaints alleging sex discrimination relating to pregnancy or sexual harassment or alleging retaliation and shall also report to the United States in writing any action taken by the Board on such complaints.

11. The Board shall permit the United States to review compliance with this Decree at any time.  As part of that review, the Board shall provide copies of any documents relevant to its compliance with this Decree upon the request of the United States.

12. To the extent practicable, the Board may comply with any or all of the provisions of the above paragraphs by electronic means at its discretion.

## IV. INDIVIDUAL RELIEF FOR MS. DORSEY

13. Without admitting the allegations in the United States' Complaint, and in settlement of the claims of the United States for relief on behalf of Ms. Dorsey, who, by her signature to the release attached as Appendix A accepts the individual relief given

her under this Decree, the Board shall provide Ms. Dorsey the following individual relief as set forth in the paragraphs below.

14.  Within twenty-one (21) days of the entry of this Decree, the Board shall pay Ms. Dorsey a total monetary award of $350,000, of which $67,000 represents back pay and $283,000 represents compensatory damages.  From the $67,000 attributable to back pay, the District shall withhold all appropriate income tax withholdings and statutory deductions, and shall separately pay its portion of any Social Security tax and other applicable federal, state and local employer-side taxes due on the $67,000 and shall not deduct its portion of such taxes from the amount paid to Ms. Dorsey.  The Board shall pay all such withheld monies to the appropriate governmental agencies and shall issue Ms. Dorsey the appropriate Internal Revenue Service tax forms on or before the date it is required by law to do so.   Regarding the $283,000 attributable to compensatory damages, that amount shall be paid to Ms. Dorsey in full without any withholdings taken out, and the Board shall issue Ms. Dorsey an IRS Form 1099 and any other appropriate forms.

15.  The Board shall pay the required amounts by check made payable to "Anne Williams Dorsey" and sent to the following address:

> Ms. Anne Williams Dorsey
> P.O. Box 266
> Loxahatchee, Florida 33470

Within ten (10) days of the Board's sending payment to Ms. Dorsey, the Board shall provide documentary evidence of having paid Ms. Dorsey by sending the United States a photocopy of the check.

16. The Board shall provide neutral employment references for Ms. Dorsey that state her dates of employment, her last job title, the nature of her separation from employment with the Board (*i.e.*, voluntary resignation), and her annual salary at resignation, and further state that she consistently received positive annual performance ratings during her entire employment with the Board, when communicating with prospective employers or any third party seeking a reference for her.  Within fifteen (15) days of the date of entry of this Decree, the Board shall provide Ms. Dorsey a letter of reference on Board letterhead for her personal use that contains this same information and also state that her annual performance ratings were at or above expectations during her entire employment with the Board.   The Board shall not provide any negative employment reference for Ms. Dorsey and shall not refer in any way to the United States' filing of this lawsuit, or to her filing of an EEOC charge against the Board.

17. The Board shall place documentation in Ms. Dorsey's personnel file and any other appropriate personnel files indicating her separation from employment with the Board pursuant to her attached Release (Appendix A) was a voluntary resignation, and, for all purposes, shall treat her separation as a voluntary resignation.

## V.  DISPUTE RESOLUTION

18. The Parties shall attempt to resolve informally any disputes that may arise under this Decree.  If the United States and the Board are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted by either party to the Court for resolution upon at least thirty (30) days' written notice to the other party.

## VI.  CONTACTS FOR THE PARTIES

19.    All documents required to be delivered under this Decree to the United States shall be sent to the following address if sent by U.S. mail:

> Nadia Said
> Trial Attorney
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice, PHB-4035
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C.  20530

Documents sent by overnight delivery service should be sent to the following address:

> Nadia Said
> Trial Attorney
> Employment Litigation Section
> Civil Rights Division
> U.S. Department of Justice
> 601 D Street, N.W., Room 4035
> Washington, D.C.  20004

Documents sent by electronic mail should be sent to the following address:

> Nadia.Said@usdoj.gov

20.    All documents required to be delivered under this Decree to the Board shall be sent to the following address:

> Jean Marie Middleton
> Senior Attorney
> Office of General Counsel
> Palm Beach County School District
> 3300 Forest Hill Blvd.
> Suite C323
> West Palm Beach, FL  33406
> Jean.middleton@palmbeachschools.org

## VII.  JURISDICTION OF THE COURT

21.    The Court shall retain jurisdiction over this Decree for the purpose of

resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree. At the end of two (2) years from the date of entry of this Decree, this Decree shall be dissolved and this action dismissed without further order of the Court.

## VIII. GENERAL PROVISIONS

22. The Parties shall bear their own costs, expenses, and attorney's fees in this action, except that the Parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by this Court.

It is so ORDERED, this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

For Plaintiff United States of America:

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

By:

/s/ Delora L. Kennebrew
DELORA L. KENNEBREW (GA Bar No. 414320)
Chief

/s/ Sharyn Tejani
SHARYN TEJANI (DC Bar No. 456150)
Deputy Chief

/s/ Louis Whitsett
LOUIS WHITSETT (DC Bar No. 257626)
Senior Trial Attorney

/s/ Nadia Said
NADIA SAID (DC Bar No. 1016598)
Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Employment Litigation Section
Washington, D.C.  20530
Telephone: (202) 616-2988
Facsimile: (202) 514-1005
Email: Nadia.Said@usdoj.gov

WIFREDO A. FERRER
United States Attorney
Southern District of Florida

By:

/s/ Veronica Harrell-James
VERONICA HARRELL-JAMES (FL Bar No. 644791)
Assistant U.S. Attorney
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street, 3rd floor
Miami, Florida 33132
Telephone: (305) 961-9327
Facsimile: (305) 530-7139
Email:  Veronica.Harrell-James@usdoj.gov

For Defendant School Board of Palm Beach County, Florida:

JULIEANN RICO
General Counsel

By:

/s/ Jean Marie Middleton
JEAN MARIE MIDDLETON (FL Bar No. 147532)
Senior Attorney
Office of General Counsel
P.O. Box 19239
West Palm Beach, Florida
Telephone: (561) 434-8750
Facsimile: (561) 434-8105
Email: jean.middleton@palmbeachschools.org

10

# APPENDIX A

## RELEASE

I, Anne Williams Dorsey, for and in consideration of accepting the relief to be provided to me under the provisions of the Consent Decree entered in <u>United States v. School Board of Palm Beach County, Florida</u>, Civ. No. 9:16-cv-80824-WPD (S.D. Fla.), hereby (a) release and discharge the School Board of Palm Beach County, Florida ("Board") and its current, former, and future officials, employees and agents from all legal and equitable claims which have been or could have been asserted in the complaint filed in that court case and the charge of discrimination that I filed with the Equal Employment Opportunity Commission (Charge No. 510-2012-01566) and (b) agree to voluntarily resign my employment with the Board effective the last day of the pay period following my receipt of the check that I am due from the Board for the monetary relief granted to me in the Consent Decree.

I understand that the relief to be given to me does not constitute an admission by the Board of the validity of any claim raised by me, or on my behalf.

I hereby acknowledge that a copy of the Consent Decree in this action was provided to me and that I signed this release in consultation with the private attorney whom I retained in this matter.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this 5th day of January, 2017.

_____
Anne Williams Dorsey